## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LAURA MANN,**

      **Plaintiff,**

**v.**                            **CASE NO. 5:15-cv-7-RS-GRJ**

**STEVEN GREGORY TAYLOR, and**
**ALLSTATE INSURANCE**
**COMPANY,**

      **Defendants.**

_____/

## <u>ORDER</u>

Before me are Defendant Allstate Insurance Company's Amended Motion to Dismiss Counts II, III, and IV of Plaintiff's Complaint (Doc. 6) and Plaintiff's Response to Allstate's Amended Motion to Dismiss Counts II, III, and IV.

Plaintiff Laura Mann suffered injuries in a car accident allegedly caused by Defendant Steven Gregory Taylor. She sued Taylor for negligence and also sued her insurer, Allstate, claiming uninsured motorist benefits, failure to settle in good faith, and a declaratory judgment. Allstate moves to dismiss her complaint.

After review, I find (1) that Mann's claim for uninsured motorist benefits is ambiguous and must be clarified; (2) that Mann's claim for failure to settle in good faith is premature and should be dismissed without prejudice; and (3) that Mann's

claim for a declaratory judgment is improper and must be denied. Allstate's motion is therefore granted.

## I.   STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II.   BACKGROUND

The facts alleged in the complaint appear straightforward.

Plaintiff Laura Mann alleges that on August 16, 2012, she was involved in a car accident negligently caused by Defendant Steven Gregory Taylor. (Doc. 1-1 at 2). Mann also alleges that her insurer, Allstate, did not pay her the uninsured motorist ("UM") benefits that she is entitled to on account of the accident. (*Id.* at 3).

Mann filed suit against Taylor and Allstate in state court. She sues Taylor

for negligence (Count I) and Allstate for uninsured motorist benefits (Count II), for

failure to settle her claim in good faith in violation of Fla. Stat. § 624.166

(Count III), and for a declaratory judgment determining the liability, causation, and

amount of damages suffered in her accident (Count IV).

Defendants properly removed to this court on the basis of diversity

jurisdiction. Allstate now moves to dismiss the claims against it—Counts II, III,

and IV—or to strike certain claims and allegations in the complaint.

### III.   <u>ANALYSIS</u>

#### a.   *Uninsured Motorist Benefits (Count II)*

Allstate argues that Mann's UM benefits claim should be denied for failure

to state a claim, or in the alternative, to strike two paragraphs from the complaint.

An injured insured may bring a direct action against her own UM carrier

without having first resolved a claim against the tortfeasor. *Neff v. Prop. & Cas.*

*Ins. Co. of Hartford,* 133 So. 3d 530, 532 (Fla. 2d DCA 2013). However, such

actions are typically brought as actions "on the insurance contract to determine

their entitlement to and amount of damages." *Curtis v. Tower Hill Prime Ins. Co.*,

No. 2D13-689, 2015 WL 159254, at *2 (Fla. 2d DCA 2015). These actions are not

actions for a breach of contract; rather, they are actions "filed pursuant to the

contract." *Geico Gen. Ins. Co. v. Graci*, 849 So. 2d 1196, 1199 (Fla. 4th DCA

2003). *See also Mercury Ins. Co. of Florida v. Moreta*, 957 So. 2d 1242, 1252 (Fla. Dist. Ct. App. 2007) (finding that it was improper in an action for determination of damages to argue to the jury that insurer breached the contract).

Allstate concedes that an action to determine entitlement and damages would be properly before this court, (Doc. 6 at 6), but argues that the complaint should be dismissed because Mann does not allege any breach of the contract, since Allstate is not obliged to make any payments until entitlement to and amount of damages have been determined.

It is not clear, however, what cause of action Mann is attempting to assert in Count II. The claim is titled "Uninsured Motorist Benefits," but it contains allegations that that Allstate "refused to honor its contractual obligations." (Doc. 1-1 at 3). Further, in its Memorandum of Law, Mann relies on *Neff*—a case that dealt with a determination claim—but also specifically argues that its allegations of breach of contract are proper and should not be struck from the record. (Doc. 9 at 2, 4). Mann also admits that Allstate has not denied coverage. (*Id.* at 11).

It thus appears ambiguous whether Mann is attempting to assert a claim "pursuant to" the contract for a determination of entitlement to and amount of damages, or a claim for breach of contract for failure to pay benefits which it is currently owed, or both. If it is only a claim pursuant to the contract, it is unclear why Mann would allege that Allstate has not honored its contractual obligations.

4

Count II is therefore not pled sufficiently and clearly enough to put Allstate "on notice as to the nature of the claim against [it] and the relief sought." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574, 127 S. Ct. 1955, 1976, 167 L. Ed. 2d 929 (2007). It is dismissed with leave to amend to more clearly state what cause(s) of action Mann intends to bring against Allstate.

Mann should also take this opportunity to remove her request for attorneys' fees in Count II, which she admits is improper.

### b.   *Failure to Settle in Good Faith (Count III)*

Allstate next argues that Mann's bad faith claim should be dismissed as premature, dismissed for failure to state a claim, and dismissed for failure to comply with administrative prerequisites. Mann concedes that the claim is premature, but argues that the proper remedy is abatement, rather than dismissal. Because the claim is undisputedly premature, there is no reason to address any motion to dismiss it on any other ground at this time.

An insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the

plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated. *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008). The decision of whether to abate or dismiss without prejudice rests in the sound discretion of the trial court. *Shapiro v. Gov't Employees Ins. Co.*, No. 14-CIV-62792, 2015 WL 127897, at *2 (S.D. Fla. Jan. 8, 2015), *citing Vanguard Fire & Cas. Co. v. Golmon,* 955 So.2d 591, 595 (Fla. 1st DCA 2006).

Courts deciding procedurally similar claims have recently both dismissed and abated them. *See*, *e.g., Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-1157-ORL-37, 2014 WL 6674458, at *3 (M.D. Fla. Nov. 24, 2014) (abating); *Gianassi v. State Farm Mut. Auto. Ins. Co.,* No. 6:14-CV-1078-ORL-31, 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7, 2014) (abating); *Duke's Steakhouse, Inc. v. Certain Interested Underwriters at Lloyd's London Subscribing to Policy Nos. L10829 & L13105*, No. 8:11-CV-1324-T-24EAJ, 2011 WL 4376788, at *2 (M.D. Fla. Sept. 6, 2011) (dismissing); *Wells v. State Farm Mut. Auto. Ins. Co.*, No. 8:13-CV-02355-T-27, 2014 WL 3819436, at *1 (M.D. Fla. Mar. 18, 2014) (dismissing).

In the exercise of my discretion, I choose to dismiss, rather than abate, the claim. In order to conserve judicial resources, Mann has leave to amend her

Complaint to add such a claim within 90 days after the claim ripens, if it ripens at all.

### c.      *Declaratory Judgment (Count IV)*

Allstate next argues that Mann's request for a declaratory judgment as to damages arising from the accident should be dismissed, because there is not a current case or controversy. Mann counters that a declaratory judgment would conserve a great amount of judicial resources in a future bad-faith action, if such action eventually accrues. The parties seem to agree that the declaratory judgment would only serve the purpose of aiding in a future bad-faith action, which may or may not eventually arise.

Several courts have recently addressed this exact issue. A majority have found that declaratory judgment is not appropriate. *See, e.g., Gianassi*, 2014 WL 4999443, at *4; *Lawton-Davis*, 2014 WL 6674458, at *3; *Smith v. 21st Century Centennial Ins. Co.*, No. 8:14-V-2531-T-26TBM, 2014 WL 5474591, at *1 (M.D. Fla. Oct. 29, 2014); *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-CV-2717-T-30TGW, 2014 WL 6705414, at *2 (M.D. Fla. Nov. 26, 2014); *Shapiro v. Gov't Employees Ins. Co.*, No. 14-CIV-62792, 2015 WL 127897, at *3 (S.D. Fla. Jan. 8, 2015).

A minority, however, have found that a declaratory judgment action is appropriate in an effort to conserve judicial resources. *See, e.g., Pici v. 21st*

*Century Centennial Ins. Co.*, No. 8:14-CV-1835-T-36TGW, 2015 WL 404250, at
*2 (M.D. Fla. Jan. 8, 2015); *Leuty v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S.
Dist. LEXIS 166046 (M.D. Fla. June 16, 2014).

I agree with the majority of courts to address the issue and the well-reasoned
opinion of the *Gianassi* court that the claim for declaratory judgment should be
dismissed. There is no current and definite controversy before the court, as the bad
faith claim may not ever accrue. Furthermore, even if a declaration as to damages
were made, that would not finally resolve a future bad faith claim.

Mann's claim for declaratory judgment is therefore dismissed. As Mann
cannot possibly plead any set of facts to cure the defects in the claim, the dismissal
comes with prejudice.

## IV.   CONCLUSION

After review, I find that Plaintiff's Complaint must be dismissed on all
counts. Count II is ambiguous and must be clarified; Count III is premature; and
Count IV fails to state a claim upon which relief may be granted.

The relief requested in Defendant Allstate Insurance Company's Amended
Motion to Dismiss Counts II, III, and IV of Plaintiff's Complaint (Doc. 6) is
**GRANTED**. Count II is **DISMISSED WITHOUT PREJUDICE**, with leave to
amend not later than February 20, 2015. Count III is **DISMISSED WITHOUT**

**PREJUDICE**, with leave to amend the complaint within 90 days after the claim

ripens. Count IV is **DISMISSED WITH PREJUDICE.**


       **ORDERED** on February 5, 2015.

                                      **/s/ Richard Smoak**
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**